IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09-115-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| SCOTT ZEAN SHIGLEY, | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Shigley of violating his conditions of supervised release by failing to complete sex offender treatment. Mr. Shigley admitted to the violations. The district court should revoke his supervised release and sentence him to six months of custody, with 112 months of supervised release to follow.

## II.  Status

In February 2010, Mr. Shigley pleaded guilty to Viewing Child Pornography (Count I) and Possession of a Child Pornography (Count II).  (Doc. 19.)  United

States District Court Judge Sam E. Haddon sentenced Mr. Shigley to seventy-two months of custody on Count I and seventy-two months of custody on Count II, to run concurrently.  Judge Haddon also sentenced Mr. Shigley to 120 months of supervised release to follow.  (Doc. 29.) Mr. Shigley's first term of supervision began on April 24, 2015.  (Doc. 60.)

On April 14, 2016, United States Probation Officer Kevin Heffernan, Sex Offender Counselor Shawn Abbot, and United States Probation Officer Tom Kelly held a non-compliance hearing during which Mr. Shigley admitted to being in the company of under-aged children. After the hearing, Mr Shigley said he understood that further violations of his supervised release would result in revocation.

On November 9, 2016, United States District Judge Brian Morris revoked Mr. Shigley's supervised release because he failed to complete sex offender treatment. (Doc. 53.) Judge Morris sentenced him to two months in custody, with 118 months of supervised release to follow. (*Id*.) His current term of supervised release began on December 13, 2016.

**Petition**

On February 24, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Shigley's supervised release.  The USPO accused Mr. Shigley of violating the conditions of his supervised release by failing to complete sex offender treatment.  (Doc. 56.)  Based on the petition, United States

Judge Morris issued a warrant for Mr. Shigley's arrest.  (Doc. 57.)

**Initial appearance**

On February 28, 2017, Mr. Shigley appeared before the undersigned in Great Falls, Montana for an initial appearance.  Federal Defender Evangelo Arvanetes accompanied him at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Shigley said he had read the petition and understood the allegations.  He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned but requested a week to prepare for the hearing. The Court granted his request and continued the hearing until March 7, 2017.

**Revocation hearing**

On March 17, 2017, the Court conducted Mr. Shigley's revocation hearing. Mr. Shigley admitted he violated the conditions of his supervised release. The violation is serious and warrants revocation of his supervised release.

Mr. Shigley's violation grade is Grade C, his criminal history category is I, and his underlying offenses are Class C felonies.  He could be incarcerated for up to twenty-four months on Count I and twenty-four months on Count II.  He could be ordered to remain on supervised release for 118 months on Count I and 118

months on Count II, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody for each count.

Mr. Arvanetes recommended a sentence of two weeks in custody. Mr. Shigley exercised his right of allocution and stated that he recognizes that he needs to comply with the conditions of his supervised release. Assistant United States Attorney Weldon recommended a sentence six months in custody, with 112 months of supervised release to follow.

### III.  Analysis

Mr. Shigley's supervised release should be revoked because he violated its conditions. A sentence of six months in custody for each count followed by 112 months of supervised release for each count to follow is appropriate. The sentences should run concurrently. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Shigley was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

>Scott Zean Shigley violated the conditions of his supervised release by failing to complete sex offender treatment.

The undersigned **RECOMMENDS:**

>The district court should enter the attached Judgment, revoking Mr. Shigley's supervised release and committing Mr. Shigley to the custody of the United States Bureau of Prisons for six months on Count I and six months on Count II, to run concurrently. He should be sentenced to continued supervised release for 112 months on each count, to run concurrently.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 16th day of March 2017.

_____
John Johnston
United States Magistrate Judge