IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT ZEAN SHIGLEY,<br><br>Defendant. | CR 09-115-GF-BMM<br><br><br><br>ORDER |

Scott Shigley filed a motion for early termination of supervised release. (Doc. 69).  The government does not oppose Shigley's discharge from supervision. (Doc. 72).  For the reasons below, the Court grants Shigley's motion.

Shigley pleaded guilty to Viewing Child Pornography (Count I) and Possession of a Child Pornography (Count II).  (Doc. 19).  On April 22, 2010, United States District Court Judge Sam E. Haddon sentenced Shigley to seventy-two months of custody on Count I and seventy-two months of custody on Count II, to run concurrently.  (Doc. 30).  Judge Haddon also sentenced Shigley to 120 months of supervised release to follow the prison term. (Doc. 29). Shigley's first

term of supervision began on April 24, 2015. (Doc. 60). Shigley's term of

supervision was revoked for failure to complete sex offender treatment.  (Doc. 53).

Shigley began his current term of supervision in August 2017.  Shigley's

supervising probation officer reports that aside from Shigley's struggle to comply

with the treatment required, Shigley has complied with the other conditions of his

supervised release.

Federal law authorizes a defendant to move for termination of his supervised

release after successfully completing one year if the Court is satisfied that such

action remains "warranted by the conduct of the defendant and the interest of

justice." 18 U.S.C. § 3564(c). The Court must consider the factors in 18 U.S.C. §

3553(a) when evaluating whether to terminate a term of supervised release.

Shigley has predominantly complied with his supervision conditions and has

demonstrated his ability to conform his conduct to the law.  Shigley has serious

health issues that result in in-home services providing regular visitation and

assistance.  (Doc. 70 at 3).  Due to his health issues and social isolation, there is

little concern that Shigley will reoffend.  (*See* Doc. 70 at 4).  The factors in 18

U.S.C. § 3553(a) support an early termination of Shigley's supervised release.


Accordingly, **IT IS ORDERED**:

1.      Defendant's Motion for Early Termination of Supervised Release

(Doc. 69) is **GRANTED**.

2.      Defendant is **DISCHARGED** from supervised release.


 DATED this 4th day of August, 2020.


_____

Brian Morris, Chief District Judge
United States District Court